UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA BADOLATO,

                Plaintiff,

-against-

TJX COMPANIES DOING BUSINESS AS HOME GOODS; NELSON HABER; BRITTANY MARACLE; KYLA NOVINGER; EDWARD KNOCEVES; DENNA SANITA,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __05/30/2025__

25-CV-4263 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that her employer discriminated against her based on her disability and age. By order dated May 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**DISCUSSION**

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint and appendix are not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants TJX Companies, doing business as Home Goods; Nelson Haber; Brittany Maracle; Kyla Novinger; Edward Knoceves; and Denna Sanita, complete the USM-285 form with the address for each Defendant, and deliver all documents, including the complaint and appendix (ECF 1, 4), necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   May 30, 2025
         White Plains, New York

                                                    _____
                                                    NELSON S. ROMÁN
                                                    United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. TJX Companies, doing business as Home Goods
   3061 East Main Street
   Mohegan Lake, New York 10562

2. Nelson Haber
   3061 East Main Street
   Mohegan Lake, New York 10562

3. Brittany Maracle
   3061 East Main Street
   Mohegan Lake, New York 10562

4. Kyla Novinger
   3061 East Main Street
   Mohegan Lake, New York 10562

5. Edward Knoceves
   3061 East Main Street
   Mohegan Lake, New York 10562

6. Denna Sanita
   3061 East Main Street
   Mohegan Lake, New York 10562